UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IHOSVANI SERRANO GONZALEZ,

    Petitioner,

v.                                    Case No. 3:18-cv-1183-J-34PDB

JEFF B. SESSIONS,
et al.,

    Respondents.

## ORDER

Petitioner Ihosvani Serrano Gonzalez, a native and citizen of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 11, 2018, in the Southern District of Florida. See Doc. 1 (Petition). On October 4, 2018, the Honorable Ursula Ungaro transferred the Petition to this Court for consideration. See Doc. 8.

Gonzalez contends that the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) has unlawfully detained him for more than ninety days awaiting deportation or release. See Doc. 1 at 1-3 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). He states an immigration judge entered an order of removal on September 6, 2005, and ICE took him into custody on June 4, 2018. Doc. 1 at 2.

After an order of removal is final, ICE is required to make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. In Zadvydas, the Supreme Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. As such, "[a] six-month custodial period of time

following the order of removal must have elapsed **prior to** the filing of a habeas petition challenging confinement under Zadvydas." Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) (citing Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n.3 (11th Cir. 2002)) (emphasis added). See also Aleman v. Jeff Sessions, No. 3:18-cv-1129-J-32JBT (M.D. Fla. Sept. 24, 2018); Metellus v. Holder, No. 3:11-cv-372-J-34JBT, 2011 WL 1740187, at *1 (M.D. Fla. May 5, 2011) (unpublished) (recognizing Eleventh Circuit determined six-month period must have expired at time the petition raising Zadvydas claim is filed).

Gonzalez has been in ICE custody for approximately four months. Therefore, Gonzalez's request is premature. If Gonzalez remains in ICE custody for more than six months, he can file a Petition for Writ of Habeas Corpus at that time.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED without prejudice** as prematurely filed.

2. The Clerk of Court shall enter judgment accordingly and close this case.

3. If Gonzalez appeals the dismissal of the case, this Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is

---

[1] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

2

not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-7

C: Ihosvani Serrano Gonzalez, A023182603
Stephanie I.R. Fidler, Esq.

---

Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

3